# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-60954
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

November 2, 2022

Lyle W. Cayce
Clerk

MARIA SANTOS HERNANDEZ ALVEAR; MARIA ISABEL HERNANDEZ ALVEAR,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A094-899-866, Agency No. A209-164-273

---

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:*

Lead petitioner Maria Santos Hernandez Alvear and her minor daughter Maria Isabel Hernandez Alvear seek review of a Board of Immigration Appeals decision affirming the denial of the lead petitioner's

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

application for asylum and withholding of removal. We DENY the petition for review.

Maria Santos Hernandez Alvear ("Hernandez Alvear") and Maria Isabel Hernandez Alvear, natives of Mexico, unlawfully entered the United States on July 27, 2016.[1] The Department of Homeland Security ("DHS") served them with Notices to Appear charging them as subject to removal pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I). Hernandez Alvear then applied for asylum and withholding of removal.

In support of her application, Hernandez Alvear testified to the following facts. Around May 2016, Hernandez Alvear's brother, Heliodoro Hernandez Alvear ("Heliodoro"),[2] was taking care of a relative's cattle. Members of the La Familia Michoacana ("La Familia") drug cartel approached Heliodoro and asked him for money. Heliodoro refused; some time afterwards, La Familia members again approached Heliodoro, tried to kill him, and threatened him by saying that La Familia would "finish with the whole family" if he did not pay La Familia. Heliodoro did not report these incidents to the police due to suspected police corruption. He then went into hiding and, along with Hernandez Alvear, escaped to the U.S. Nine of Hernandez Alvear's siblings and her mother remain in Mexico.

Based on these facts, Hernandez Alvear applied for asylum and withholding of removal based on her membership in the particular social group ("PSG") of the family of Heliodoro. The immigration judge ("IJ") denied Hernandez Alvear's application. The IJ held that her proffered PSG

---

[1] Maria Santos Hernandez Alvear is the lead petitioner, and Maria Isabel is her minor daughter.

[2] We use Heliodoro Hernandez Alvear's first name for clarity without intending any disrespect or familiarity.

No. 21-60954

was not a cognizable social group and, even if said group were cognizable, that Hernandez Alvear had not established the requisite nexus between (1) the persecution suffered and feared and (2) her membership in her proffered social group. The Board of Immigration Appeals ("BIA") agreed and dismissed Hernandez Alvear's appeal. Hernandez Alvear timely filed a petition for review.

We review the BIA's factual findings, including a nexus determination, under a substantial evidence standard and consider the IJ's decision only to the extent it influenced the BIA. *Qorane v. Barr*, 919 F.3d 904, 909 (5th Cir. 2019); *Martinez Manzanares v. Barr*, 925 F.3d 222, 226 (5th Cir. 2019). Under this standard, we reverse factual findings only when the evidence is "so compelling that no reasonable fact finder could fail to find the petitioner statutorily eligible for relief." *Qorane*, 919 F. 3d at 909 (quoting *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004)). We review the BIA's legal determinations *de novo*. *Martinez Manzanares*, 925 F.3d at 226.

"Under 8 U.S.C. § 1231(b)(3)(A), withholding of removal is a mandatory form of relief if an alien's life or freedom would be threatened in the country of removal because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." *Revencu v. Sessions*, 895 F.3d 396, 402 (5th Cir. 2018) (quoting *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009)). The REAL ID Act further requires that an applicant establish that at least one of these statutorily protected grounds "was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). This nexus requirement necessitates that while a statutorily protected ground "need not be the only reason for harm, it cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *Shaikh*, 588 F.3d at 864 (internal quotations omitted).

No. 21-60954

Thus, assuming *arguendo* that Hernandez Alvear has proffered a cognizable PSG, she must show that her alleged protected trait—her membership in her brother's family—is a central reason for persecution. She cannot make this showing for two reasons.[3]

First, her familial membership is subordinate to another reason for La Familia's targeting of Hernandez Alvear: its desire to extort money from Heliodoro. Per Hernandez Alvear's testimony, the La Familia cartel demanded money from Heliodoro when its members first approached him, and the cartel continued to demand money from him afterwards. When Heliodoro refused, La Familia attempted to "persuade" him using threats to his family's safety. These facts suggest that La Familia was motivated by its criminal ends when it initially targeted Heliodoro for money. When he refused to pay, La Familia subsequently threatened Heliodoro's family members as a threat to get him to do so; such threats were thus also made primarily to further the same extortionary ends. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492–93 (5th Cir. 2015) (declining to find nexus because primary purpose of threats to individual's sister was to elicit information from individual). Economic extortion is not a form of persecution under asylum law. *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012). Thus, although La Familia may have threatened Hernandez Alvear because threats to family are often particularly effective, the BIA reasonably found that her familial relationship is ultimately "subordinate" to the cartel's ultimate extortionary motive. *Shaikh*, 588 F.3d at 864. And such an extortionary motive—while condemnable—is outside the scope of PSG protections.

---

[3] Accordingly, we need not decide whether Hernandez Alvear's proffered social group is a cognizable PSG for asylum law purposes.

No. 21-60954

Second, some of Hernandez Alvear's family members continue to live safely in Mexico.[4] While such a fact is not necessarily determinative standing alone, it bolsters our finding of a lack of nexus. *Vazquez-Guerra v. Garland*, 7 F.4th 265, 270 (5th Cir. 2021) (citing *Ramirez-Mejia*, 794 F.3d at 493 (finding "no persecution on account of family status where, *inter alia*, other members of petitioner's family, who have remained in her native country, have not faced persecution on the basis of their membership in the family" (internal quotations and alteration omitted))).

Given the extortionary motive as well as the continued safety of some of Hernandez Alvear's family members in Mexico, we cannot say that the record compels a conclusion other than that La Familia was motivated by its desire to extort money from Heliodoro. *Id.* Consequently, the record suggests that a reasonable factfinder could find that Hernandez Alvear failed to establish the requisite nexus showing that her proffered social group was the central reason for the harm she experienced. Hernandez Alvear thus cannot satisfy the standard for asylum eligibility. Because withholding for removal eligibility is governed by a higher standard of proof, Hernandez Alvear also necessarily fails to establish eligibility for withholding of removal. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

For the foregoing reasons, the petition for review is DENIED.

---

[4] Although Hernandez Alvear testified that her mother "never goes out," presumably for fear of threats from La Familia, she does not suggest the same is true of her nine siblings in Mexico.